## BAKER *v.* HOLDERNESS.

When a person thinks himself aggrieved by the assessment of damages made
by the selectmen, upon laying out a highway, and petitions the court of com-
mon pleas for redress, the court may in its discretion refer the question to the
road commissioners, or may direct the damages to be assessed by a jury.

PETITION for an increase of damages for land of the peti-
tioner taken for a highway, laid out by the selectmen of the
town of Holderness.

The petitioner moved that the petition be referred to the
road commissioners, and the town of Holderness moved
that the question of the amount of damages to be awarded
to the petitioner, be submitted to a jury.

*Burrows & Quincy*, for the petitioner.

We contend that the right of a trial by jury is secured to

the petitioner by the 20th article of the Bill of Rights, and that such a construction should be given to the provision in the Revised Statutes, ch. 50, § 9, as that the question may be submitted to the jury. Notwithstanding the form it happens to assume, this is still a controversy about property. This case is not governed by the 4th section of chapter 50, but it refers to petitions mentioned in section 1. The 9th section stands by itself, and is independent of section 4.

*Bellows*, for the town.

This is a petition relating to roads, and by the 4th section of chapter 50 it must be referred to the road commissioners. The road was laid out by the selectmen, and it is their assessment of damages which is the cause of this petition.

In the provision for an appeal to the common pleas, contained in section 9, nothing is said about a trial by jury. In this respect it differs from the case where the damages are assessed by the road commissioners, in which case, by an express provision, the damages are to be assessed by a jury. In the 8th section of chapter 51, the proceeding is characterized as an appeal, and in the 9th section of chapter 50 it is spoken of as a petition, within the terms used in the 4th section of that chapter.

GILCHRIST, C. J. The twentieth article of the Bill of Rights of this State declares that in all controversies concerning property, the parties have a right to a trial by jury. The 1st section of chapter 50 of the Revised Statutes enumerates the cases in which petitions relative to roads may be presented to the court of common pleas in term time, or to the clerk in vacation. The 4th section enacts that all petitions relating to roads shall be referred to the road commissioners. The 9th section enacts that if any person shall think himself aggrieved by the assessment of damages made by the selectmen, he may petition the court of common

pleas for redress, and the court may award such damages as may be just.

It is very plain that this is a petition relating to roads, and as such, if there were no other provision, by the 4th section, should be referred to the commissioners. By the 9th section, in such a case as this, the court are to award the damages. The question is, through whose agency is this to be done, by the commissioners, or by a jury? The answer to this question depends on the construction to be given to the 20th article of the Bill of Rights. If this be one of the "controversies concerning property" comprehended by the spirit and meaning of the Bill of Rights, then the 4th section does not apply to a case of this kind, because it would be in contravention of the constitution so to construe it, and the court, under the 9th section, must award the damages through the intervention of a jury.

By the act of 5 Geo. I, § 2, Province Laws, 153, the quarter sessions are empowered, on application by the selectmen, to appoint a committee to lay out highways, and to order that satisfaction be given by the town to the party through whose lands such highways shall be laid; and if any such person be not satisfied with the sum of money or consideration awarded, " upon their address to the court of quarter sessions, they shall hear and determine according to right and justice." By the 3d section, selectmen may lay out town ways, and if the land owner be not satisfied with the damages assessed, they have liberty of making application to the court of quarter sessions, " who are hereby empowered to make inquiry by a jury of twelve men thereabouts." But by the act of February 27, 1786, N. H. Laws 54, (ed. of 1789,) when such application for redress is made to the court of sessions, " they may inquire into the same by a committee for that purpose." The same provision for inquiry into the damages by a committee, is contained in the 2d section of the act of February 3, 1791, N. H. Laws 386, (ed. of 1815.) The 5th section of the act of July 3,

1829, N. H. Laws 574, (ed. of 1830,) provides that the application may be made to the court of common pleas, " who shall inquire into the same by a committee." The 9th section of chapter 50 of the Revised Statutes merely provides, as has been stated, that the court " may award such damages as may be just."

In the case of *Backus* v. *Lebanon*, 11 N. H. Rep. 19, a portion of a highway had been laid out over the Fourth New Hampshire Turnpike. It was contended by the counsel for the corporation that they had a right to have their damages assessed by a jury, and cited the 20th article of the Bill of Rights. To this the counsel for the petitioner replied that it had been otherwise used and practised in the assessment of damages for property taken in laying out highways. It was said by the court that to this exception the answer of the counsel for the petitioners is conclusive. " This case is within the express exception of the clause of the constitution which provides that in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has been heretofore otherwise used and practised, the parties have a right to a trial by jury, &c. By the long course of legislation to which reference has just been made, the damages occasioned by the laying out of highways were to be assessed by the court, or by a committee, and no provision is found for the intervention of a jury in cases of that character. It had, therefore, been otherwise used and practised for nearly a century and a half before the adoption of the constitution ; and a similar use and practice has prevailed from that period to the present time. The case is not only within the express language of the exception, but there is, from these circumstances, abundant evidence that it must have been within the view of the framers of that instrument."

By the 2d section of the act of Geo. I. Prov. Laws 153, the general power is given to the quarter sessions, upon application by the selectmen of a town, " to appoint a meet

committee to lay out such highways as may be most con-venient," &c. If the land owner is dissatisfied with the award of damages, the court thereupon " shall hear and determine according to right and justice," but no provision is made for the intervention of a jury. By the 3d section of that act, the selectmen are empowered " to lay out par-ticular and private highways for such town only," and if the land " owners are dissatisfied, the court may make inquiry by a jury of twelve men," &c. By the act 6 Geo. I. § 1, the selectmen are empowered to change highways for other lands more suitable therefor; and by the 2d section, if the land owners are dissatisfied, they may apply to the court of sessions, who are empowered to make inquiry by a jury or · committee, &c. Prov. Laws 197.

It appears, then, that in cases similar to the present, pro-vision is made by the provincial acts for the intervention of a jury. But we find no law to this effect subsequent to ·the acts of the 5th and 6th of Geo. I. 1719 and 1720. An act · was passed on the 27th of February, 1786, N. H. Laws 60, (ed. of 1789,) from the preamble of which, although it is very obscurely worded, it appears that it was the intention of the Legislature to repeal all the laws relating to high-ways, passed prior to that date, except the act to enable selectmen to change highways, to which reference has been made. Since the act of 1785, we find no provision made for the intervention of a jury, and it may safely be said, therefore, that at the time of the adoption of our present constitution, on the 5th of September, 1792, it had not been " used and practised " to determine the question of damages where land had been taken for highways, by sub-mitting it to a jury. The law makes a distinction between the cases of damages assessed by selectmen and those as-sessed by road commissioners; in the former case the court are to assess " such damages as may be just;" while in the latter case, by the 8th section of chapter 51 of the Revised Statutes, where the land owner is dissatisfied with the dam-

ages awarded by the commissioners, their amount is to be determined by a jury.

Under the law as it now stands, as the statute has not pointed out the mode of proceeding to estimate the damages, it must be left to the discretion of the court of common pleas, whether the damages shall be estimated by the road commissioners or by a jury. ' There is nothing in the 9th section of chapter 50, which prohibits the court from submitting the question to a jury, and that section must be regarded as so far qualifying the general language of the 4th section, which provides that all petitions relating to roads shall be referred to the road commissioners, that the court may retain the petition for the purpose of submitting the question to a jury, if they shall think that justice requires it. The 4th section provides that, if no sufficient objection shall be made, all petitions relating to roads shall be referred, &c., and cases may arise where justice might require that evidence of the damages should be laid before a jury, under the supervision of the court, and subject to the rules of law which regulate the admission of testimony.

We shall, therefore, direct the court of common pleas, that the selection of the tribunal to determine this question rests in their discretion.